## In re SMALL's Estate.

A. died in 1810, giving a power to executors to sell land for payment of debts. In 1836, his executrix conveyed his land to an executor, who had resigned, at a certain price, but in fact in satisfaction of his alleged claims for debts of the estate paid by him, no money having been received by the executrix. The executrix dying, and administrators *de bonis non* of the estate of A. having been appointed, such administrators are not chargeable with the proceeds of the sale by the executrix, whether it was collusive or not.

If such sale was void, the remedy is by ejectment, but if it be affirmed, the administrators *de bonis non* are not chargeable with the default of their predecessor.

APPEAL from the Orphan's Court of York.

*May* 18. In the year 1810, John Small made his will, wherein he authorized his executors, with the consent of his widow, who was devisee for life, to sell such parts of his real and personal estate as should be sufficient to pay his debts; and appointed his wife and Joseph and Jacob Small executors. Probate having been granted to Joseph and Jacob, and the latter dying, the former settled his account, and was discharged from the office in 1832. In 1836, the widow having been qualified as executrix, took out letters testamentary, and in the same year conveyed two parcels of testator's land to Joseph Small for an aggregate consideration of $5500. The

executrix died insolvent in 1838, and letters of administration *de bonis non* of John Small, *cum testamento annexo*, were granted to the present accountants, who proceeded to sell the remaining estate, and filed their account in 1840, showing a balance of $4950 due the estate, and no credits claimed for payment of debts. To this two exceptions material to this cause were filed, viz.: "That accountants were not charged with the value of a house and lot, which they refuse or neglect to sell according to the provisions of the will;" and secondly, "If the said real estate has been *bonâ fide* sold by their predecessors in the administration of the estate, the accountant have not charged themselves with the proceeds unaccounted for by such predecessors, nor in any wise accounted for the same."

On reference to auditors, they reported as to these exceptions: "That the facts alleged in the first exception were misstated, the land having been sold by the predecessor of the accountants; and that testator having died before the act of 1834, relating to executors and administrators, went into operation, its provisions, according to sect. 70, not applying to the settlement of the estates of persons who died before that time, the accountants were not chargeable with the funds of the estate in the hands of their predecessor."

To this report the exceptions were: 1. That the facts of the case showed such collusion as amounted to a legal fraud, through which the vendee derived no title, but the land remained unsold; and it was the duty of accountants to sell the same and account. 2. If the sale was valid, it was the duty of the accountants to recover the moneys from the vendee and charge themselves with the amount. On the hearing, it was agreed that the evidence of Joseph Small should be read. He stated that after the settlement of his administration account, by which the estate appeared indebted to him $2354, he found papers which showed that he had paid debts for the estate which, including interest, amounted to $7000. To pay these, the conveyances were made to him by the executrix, no money having passed. Upon this the court overruled the exceptions and confirmed the report, and this appeal was taken by the representatives of the original testator and S. Gutelius, (whose character, whether creditor or representative, could not be ascertained from the report, though it might be inferred he also was a representative, from the facts that the accountants took no credit for payment of debts, nor was any distribution to creditors reported, and that before the auditors questions on distribution to the representatives were raised and overruled as irrelevant to the administration account;) and for error the overruling of the exceptions was assigned.

*Barnitz* and *Barnitz*, for appellants, referred to Todd *v.* Todd, 1 Serg. & Rawle, 457; McCurdy's Appeal, 5 Watts & Serg. 397; Bank *v.* Donaldson, 7 Watts & Serg. 414; Act 29th March, 1832, sects. 4, 21; Guier *v.* Kelly, 2 Binn. 294; Act 24th February, 1834, sect. 31; Commonwealth *v.* Strohecker, 9 Watts, 481; Woods' Estate, 1 Barr, 368.

*Evans* and *Mayer*, contrà, whom the court declined hearing.

*May* 24. PER CURIAM.—In the settlement of an administration account, the Orphan's Court has not jurisdiction of a question of collusion like the present. If the sale of the property was fraudulent, it was void, and the question of collusion may be tried in an action of ejectment. But the present attempt is to affirm the sale, by charging the accountants with the price of the property supposed to have been lost by their negligence, and leaving them to recover it by ejectment for their own use. To say nothing of the inconsistencies involved in the proposition, the parties beneficially interested have no right to turn them into purchasers by making them liable for the defaults of their predecessors.

Decree affirmed.